UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
December 01, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
DEPUTY

| | | |
|---|---|---|
| ISAAC DE LA FUENTE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:25-CV-01154-MA |
| | § | |
| SOUTHERN GLAZER'S WINE AND SPIRITS OF TEXAS, LLC, | § § § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers Defendant Southern Glazer's Wine and Spirits of Texas, LLC's "Unopposed Motion to Stay with Cause."[1] In its motion, Defendant notes that Plaintiff Isaac De La Fuente has not satisfied all of the conditions precedent to bring the instant action before this Court and requests that the Court stay proceedings until Plaintiff receives the necessary administrative closure to render his claims ripe.[2] After considering the motion, pleadings, and relevant authorities, the Court **GRANTS IN PART**, and **DENIES IN PART** the motion *for the reasons discussion below.*

### I.   Factual Background

This is a discriminatory treatment and wrongful termination claim arising from Defendant's alleged conduct towards Plaintiff "for requesting protected leave to take time off to treat his anxiety and related panic attacks …."[3] Plaintiff was terminated from his position on May 14, 2024.[4] On September 20, 2024, he filed a Charge of Discrimination with the Texas Workforce Commission – Civil Rights Division ("TWC-CRD") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, failure to accommodate or engage in the interactive process, and retaliation under state and federal law.[5] Defendant timely filed its Statement of

---

[1] Dkt. No. 14.
[2] Dkt. No. 14, at 1–2.
[3] Dkt. No. 1, at 1.
[4] Dkt. No. 1, at 4.
[5] Dkt. No. 14, at 1–2.

Position with the EEOC on June 12, 2025.[6] Although Plaintiff states that he has asked the EEOC to close his investigation and issue a Notice of Right to Sue, his EEOC claim remains pending and no notice has been issued.[7]

## II.     Discussion

Plaintiff filed his complaint for the instant action on September 15, 2025, raising claims under the Texas Labor Code, the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA").[8] Defendant filed its answer on November 6, 2025.[9] In its answer, Defendant noted that Plaintiff had not "satisfied all conditions precedent to his claims arising under the ADA and Texas Labor Code as . . . the EEOC ha[d] not yet issued its dismissal and notice of right to sue."[10] Because Plaintiff's EEOC discrimination claim remains pending, the parties request that this Court stay proceedings until the EEOC dismisses Plaintiff's case and issues a notice of right to sue.[11]

The parties are correct in stating that the ADA's administrative exhaustion requirement is a non-jurisdictional bar, traditionally only enforced at the request of a defending party.[12] However, as the parties also correctly note, Plaintiff's failure to exhaust his administrative remedies is a jurisdictional bar under the Texas Labor Code claim, which plainly states a person "who has an action pending before an administrative agency . . . may not file a complaint under this subchapter for the same grievance."[13]

The effect of this statute is clear: Plaintiff's Texas Labor Code claim must be dismissed for lack of jurisdiction. Accordingly, the Court cannot grant the parties' requested stay and must instead determine the best course of action concerning Plaintiff's remaining claims under the ADA and FMLA.

---

[6] Dkt. No. 14, at 2.
[7] Dkt. No. 14, at 2.
[8] Dkt. No. 1, at 2.
[9] Dkt. No. 11.
[10] Dkt. No. 11, at 3.
[11] Dkt. No. 14, at 4.
[12] *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 548–49 (2019) (internal citations omitted) (finding that Title VII's administrative exhaustion requirement is a "nonjurisdictional claim-processing rule[]," not a "jurisdictional prescription"); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)) (noting that the ADA's incorporated its administrative exhaustion rule from Title VII).
[13] Tex. Lab. Code § 21.211.

The Court may stay an action at its discretion if justice so requires.[14] The Court is mindful of the Fifth Circuit's instructions regarding discretionary stays: "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."[15] Although Plaintiff's ADA and Texas Labor Code are particularly intertwined, all of Plaintiff's claims arise from a common nexus of facts and circumstances, such that the final disposition of any one claim risks prejudicing the others.

Accordingly, the parties' motion is **DENIED**. Plaintiff's Texas Labor Code and ADA claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's remaining case is **STAYED** pending resolution of Plaintiff's discrimination investigation before the EEOC. The parties shall report on the status of Plaintiff's pending EEOC claim or before **March 2, 2026**. All other deadlines and conferences in this case are **CANCELLED**.

IT IS SO ORDERED.

DONE this 1st day of December, 2025, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[14] *See*, *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970).
[15] *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).